1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

8
9
10

11

ZURI SANA-KABISA YOUNG,
CDCR #J-03193,

Plaintiff,

v.

MOORE, et al.,

Defendants.

Case No.: 3:19-cv-0270-MMA-KSC

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

[Doc. No. 9]

12
13
14
15
16
17
18
19

20    On February 6, 2019, Plaintiff, Zuri Sana-Kabisa Young, a state inmate currently

21  incarcerated at the California State Prison - Los Angeles County located in Lancaster,

22  California, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1.

23  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). *See* Doc. No.

24  5. On March 4, 2019, the Court denied Plaintiff's Motion to Proceed IFP as barred by 28

25  U.S.C. § 1915(g) and dismissed the entire action for failing to pay the full statutory and

26  administrative $400 civil filing fee required by 28 U.S.C. § 1914(a). *See* Doc. No. 6.

27  The Court also certified that an IFP appeal from the Court's Order would be frivolous

28                                           1

1  and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).  *Id.*

2  Plaintiff now moves for reconsideration of the Court's March 4, 2019 Order.  *See*

3  Doc. No. 9.  Plaintiff does not dispute the Court's finding that he has accumulated three

4  (3) strikes as defined by 28 U.S.C. § 1915(g) but argues that he should be permitted to

5  pay the required initial civil filing fee in installments.  For the reasons set forth below, the

6  Court **DENIES** Plaintiff's motion.

## DISCUSSION

### A.    Legal Standard

Pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), district courts have the power to reconsider a previous ruling or entry of judgment.  Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law."  *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).  Reconsideration under Rule 60(b) may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b).  A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

### B.    28 U.S.C. 1915

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs.  28 U.S.C. § 1915(a)(2).  However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

. . . if the prisoner has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). As stated above, the Court found in the March 4, 2019 Order that Plaintiff is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g).

In his Motion, Plaintiff requests that the Court allow him to pay the filing fee in installments. However, this is clearly a privilege that is provided pursuant to 28 U.S.C. § 1915 only when a prisoner is permitted to proceed IFP, which Plaintiff is not. If the Court were to permit Plaintiff to pay the filing fee in installments, this would be the equivalent of proceeding IFP – and a direct contradiction to the requirements of 28 U.S.C. § 1915.

Moreover, a motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding

3

precedent, or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller Federal Practice & Procedure § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). Mindful of its duty to "construe pro se pleadings liberally," *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003), the Court has considered Plaintiff's motion and finds that Plaintiff has failed to provide any verifiable factual or evidentiary support for any basis under the Federal Rules of Civil Procedure that would justify vacating the Court's March 4, 2019 Order and the Clerk's Judgment entered contemporaneously therewith.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Reconsideration, **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to once again close the case.

**IT IS SO ORDERED**.

DATE: March 19, 2019

_____

HON. MICHAEL M. ANELLO
United States District Judge